# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEITH HUTCHINSON, ) | | 1:12-cv-01451 LJO GSA PC |
| ) | | |
| Plaintiff, ) | | ORDER TO SHOW CAUSE WHY |
| ) | | THIS ACTION SHOULD NOT |
| v. ) | | BE DISMISSED AS TIME BARRED |
| ) | | |
| ) | | |
| D. L. McDANIEL, et al., ) | | |
| ) | | OBJECTIONS DUE IN THIRTY DAYS |
| Defendants. ) | | |
| ) | | |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

    Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the Correctional Training Facility at Soledad, brings this action against

defendant correctional officials employed by the CDCR at Corcoran State Prison.  Plaintiff names the following individual defendants:  Lieutenant D. L. McDaniel; Correctional Officer (C/O) Knight; C/O Busby.

The events at issue in this lawsuit stem from two physical assaults upon Plaintiff while he was housed at Corcoran.  The first occurred in 1994.  Plaintiff was physically assaulted by his cellmate, and subjected to sexual molestation.  The second occurred in 2002 when Plaintiff was threatened by a staff member and ultimately assaulted by another inmate.   Plaintiff alleges that "during the years that have ensued I have tried to come to grips with what has happened to me and why I was denied assistance with my trying to get away from a crazy person put into my cell, I have tried to understand why a officer would try to have me harmed and or killed because I wouldn't stand by my door."

Federal law determines when a civil rights claim accrues.  Elliott v. City of Union City, 25 F.3d 800, 801-802 (9th Cir. 1994).  Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of this action.  Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir. 1996).  At the time Plaintiff's claim accrued, the statute of limitations was one year.  Cal. Civ. Proc. Code § 340(3); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004)(Cal. Civ. Proc. § 335.1, extending the statute of limitations from one to two years, does not apply to claims that accrued prior to January 1, 2003).

In actions where the federal court borrows the state statute of limitations, the court should also borrow all applicable provisions for tolling the limitations period in state law.  Hardin v. Straub, 490 U.S. 536, 539 (1989).  Pursuant to California law, a two-year limit on tolling is imposed on prisoners.  California Code of Civil Procedure Section 352.1 provides, in part, as follows:

> (a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term for less than life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Plaintiff was incarcerated at the time he filed suit and is entitled to the application of the two year tolling provision. Plaintiff therefore had one year, plus two years for tolling, for a total of three years from 2002, in which to file suit. This action was initiated by civil complaint filed on September 6, 2012, over nine years after the limitation period expired.

Although the statute of limitations is an affirmative defense that normally may not be raised by the Court sua sponte, it may be grounds for sua sponte dismissal of an in forma pauperis complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. Franklin v. Murphy, 745 F.2d 1221, 1228-1230 (9th Cir. 1984). See Levald, Inc. v. City of Palm Desert, 988 F.2d 680, 686-87 (9th Cir. 1993). That is the case here – the defense appears complete and obvious from the face of the complaint.

It is clear from the fact of the complaint that this action is time-barred. Plaintiff's claims accrued in 1994 and 2002, well over the three year period in which Plaintiff had to file this action. Accordingly, IT IS HEREBY ORDERED that Plaintiff shall, within thirty days of the date of service of this order, show cause why this action should not be dismissed as time-barred. Failure to file a response will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated: **November 7, 2013**          **/s/ Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE