UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH MONROE HUTCHINSON,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>D. L. MCDANIEL, et al.,<br><br>　　　　Defendants. | 1:12-cv-01451-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE, WITH PREJUDICE, AS TIME-BARRED AND FOR FAILURE TO STATE A CLAIM<br>(Doc. 15.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.　BACKGROUND**

　　Keith Monroe Hutchinson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the initial Complaint commencing this action on September 6, 2012.  (Doc. 1.)  Plaintiff filed the First Amended Complaint on January 31, 2014.  (Doc. 13.)  On March 7, 2014, the court dismissed the First Amended Complaint for failure to state a claim, with leave to amend.  (Doc. 14.)  On April 4, 2014, Plaintiff filed the Second Amended Complaint, which is now before the court for screening. (Doc. 15.)

**II.　SCREENING REQUIREMENT**

　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions, none of which apply to § 1983 actions. <u>Swierkeiwicz v. Sorema, N.A.</u>, 534 U.S. 506, 512 (2002). Under federal notice pleading, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. <u>Id.</u> The mere possibility of misconduct falls short of meeting this plausibility standard. <u>Id.</u> at 678-79; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).

### III. SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff is presently incarcerated at the Correctional Training Facility in Soledad, California. The events at issue in the Second Amended Complaint allegedly occurred at California State Prison-Corcoran (CSPC) in Corcoran, California. Plaintiff names as defendants Lieutenant D. L. McDaniel, Correctional Officer (C/O) Knight, and C/O Busby, who were all employed at CSPC as Second Watch Officers at the time of the events at issue. Plaintiff's factual allegations follow.

In August 1994, when Plaintiff was housed in Administrative Segregation at CSPC, he was forced to accept a cell mate who had just arrived from Atascadero State Mental Hospital. The next day, Plaintiff requested a cell move because the cell mate, Jackson, who was placed in

Plaintiff's cell, had begun talking to himself and making statements about hurting himself and others.  Plaintiff reported all this to the Second Watch Floor Staff in the building, but was told, "We don't move anybody just because they want to get moved.  You know we have to see some blood and or catching (*sic*) you fighting."  (Second Amended Complaint, Doc. 15 at 3 ¶IV.)

On the morning of August 12, 1994, Plaintiff's cell mate Jackson attacked and sexually assaulted him while Plaintiff was asleep, and tied and bound Plaintiff's body during a series of physical assaults.  C/O Knight was asked through "Interview" why he had not noticed an inmate tied and bound in the cell during his Second Watch rounds.  C/O Knight responded that he "couldn't see Plaintiff because he [Plaintiff] was covered up from head to toe."  (Id. at 4:6.)

Plaintiff alleges that his requests to be moved were all ignored, and that defendants McDaniel, Knight, and Busby were personally responsible for the assault against Plaintiff, due to neglect of their duties as Second Watch Officers of the building.  Plaintiff alleges that his pain and suffering from the assault were caused by Defendants' failure to perform their duty.  As a result of the incident, Plaintiff has been diagnosed with mental issues and post traumatic stress disorder.

Plaintiff requests monetary damages.

**IV.  PLAINTIFF'S FAILURE TO PROTECT CLAIM – EIGHTH AMENDMENT**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."  Id.

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer v. Brennan, 511 U.S. 825, 833 (1994); Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." Farmer at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health . . . .'" Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence ... [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer, 511 U.S. at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

Plaintiff alleges that the Defendants ignored his request to be moved to another cell when Plaintiff told them he had concerns about his new cell mate's behavior. Plaintiff also alleges that Defendants failed to intercede when Plaintiff was being assaulted by his cell mate, and thus Defendants failed to protect him from harm.

///

Plaintiff fails to state a cognizable claim for relief under § 1983 against any of the Defendants.  First, Plaintiff fails to demonstrate that each defendant *personally* participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added).  Plaintiff did not demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights.  Iqbal, 556 U.S. at 676.  It is not enough to allege that a defendant is responsible because of his or her position.  Moreover, Plaintiff's allegation that he "reported all this to the Floor Staff (2nd Watch) in the building," without supporting facts explaining how each named officer was informed and what specific information Plaintiff reported to each officer, are vague and conclusory and fail to state a claim.  Second, Plaintiff has not alleged facts showing that any of the Defendants acted with deliberate indifference.  Plaintiff has not shown that any of the Defendants acted, or failed to act, while knowing of and deliberately disregarding a serious risk to Plaintiff's safety.  Plaintiff's claims that the Defendants negligently failed to perform their duties does not rise to the level of an Eighth Amendment claim.  Therefore, Plaintiff fails to state any claims in the Second Amended Complaint against defendants McDaniel, Knight, and Busby.

## V.     STATUTE OF LIMITATIONS

The events in this lawsuit stem from a physical assault upon Plaintiff occurring in August 1994 at CPSP while Plaintiff was incarcerated there, which raises a statute of limitations issue.

Federal law determines when a civil rights claim accrues.  Elliott v. City of Union City, 25 F.3d 800, 801-802 (9th Cir. 1994).  Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of this action.  Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir. 1996).  At the time Plaintiff's claim accrued, the statute of limitations was one year.  Cal. Civ. Proc. Code § 340(3); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004)(Cal. Civ. Proc. § 335.1, extending the statute of limitations from one to two years, does not apply to claims that accrued prior to January 1, 2003).

In actions where the federal court borrows the state statute of limitations, the court should also borrow all applicable provisions for tolling the limitations period in state law.

Hardin v. Straub, 490 U.S. 536, 539 (1989).  Pursuant to California law, a two-year limit on tolling is imposed on prisoners. California Code of Civil Procedure Section 352.1 provides, in part, as follows:

> (a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term for less than life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Plaintiff was incarcerated at the time he filed suit and is entitled to the application of the two year tolling provision.  Plaintiff therefore had one year, plus two years for tolling, for a total of three years from August 1994, in which to file suit.  This action was initiated by civil complaint filed on September 6, 2012, more than fifteen years after the limitation period expired.

Although the statute of limitations is an affirmative defense that normally may not be raised by the Court sua sponte, it may be grounds for sua sponte dismissal of an in forma pauperis complaint where the defense is complete and obvious from the face of the pleadings or the court's own records.  Franklin v. Murphy, 745 F.2d 1221, 1228-1230 (9th Cir. 1984); see Levald, Inc. v. City of Palm Desert, 988 F.2d 680, 686-87 (9th Cir. 1993).  That is the case here – the defense appears complete and obvious from the face of the Second Amended Complaint.[1]

It is clear from the face of the Second Amended Complaint that this action is time-barred under the statute of limitations.  Plaintiff's claims accrued in 1997, and Plaintiff filed the initial Complaint in 2012, well over the three year period in which Plaintiff had to file this action.  Plaintiff has not addressed or cured the statute of limitations issue in the Second Amended Complaint.  Therefore, this action should be dismissed as time-barred.

///

---

[1] Plaintiff's initial Complaint arose from two physical assaults against Plaintiff occurring in 1994 and 2002, when Plaintiff was housed at CSPS.  (Doc. 13.)  The court issued an order on November 7, 2013, requiring Plaintiff to show cause why this case should not be dismissed as time-barred under the statute of limitations.  (Doc. 10.)  Plaintiff requested and was granted leave to amend the complaint to cure the deficiencies found by the court.  (Doc. 12.)  On January 31, 2014, Plaintiff filed the First Amended Complaint, which arose from the 1994 assault and did not address or cure the statute of limitations issue.  (Doc. 13.)

## VI. CONCLUSION AND ORDER

The Court finds that Plaintiff's Second Amended Complaint is time-barred under the statute of limitations and fails to state any cognizable claims upon which relief may be granted under § 1983. The Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the Court. Plaintiff has now filed three complaints without stating any claims upon which relief may be granted under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY RECOMMENDED** that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be dismissed with prejudice as time-barred under the statute of limitations and for failure to state a claim upon which relief may be granted under § 1983, and that this dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 9, 2015**         **/s/ Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE